Streit, J.
(concurring). I concur in the affirmance of this conviction because it is clear that the Grand Jury, as a body, intended to confer full immunity on this defendant, he understood them to confer full immunity on him and, nevertheless, refused to answer material and relevant questions he was directed to answer by the Grand Jury foreman. Any conceivable doubt as to the intention of the Grand Jury is resolved by their direction to the District Attorney to file an information charging defendant with contempt for refusal to answer questions under the protection of immunity. It is my view, however, that there should never be even the possibility of a doubt that a Grand Jury, acting as a body, has determined to grant a witness immunity and, on that basis, directs him to answer relevant questions. Such doubt can only be fully eliminated by the adherence to a formal procedure, clearly reflected in the Grand Jury minutes. Should the District Attorney desire that a witness be granted immunity, he must request the Grand Jury to do so, depart from the Grand Jury room with the stenographer and the witness, to enable them to privately deliberate and vote on this request, and upon returning, advise the witness of the Grand Jury’s decision to grant immunity and request the foreman to direct the witness to answer. It appears that such procedure was strictly adhered to with respect to all other witnesses granted immunity by this Grand Jury, except defendant. Under all the facts of the instant case, the apparent failure to follow this formalistic ritual is not fatal to the contempt conviction. Nevertheless, I can conceive of situations wherein it could well be, and feel obliged to call attention to such possibility.
Quiinsr, J. P., and Markowitz, J., concur in Per Curiam decision; Streit, J., concurs in memorandum.
Judgment of conviction affirmed.